IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) CR 18-218 |
| V. | ) |
| | ) |
| EVAN JONES | ) |

**MEMORANDUM ORDER**

In this case, the indictment rests on evidence seized during a search incident to a stop of Defendant's vehicle in the Duquesne area of Pittsburgh. Previously, Defendant filed a Motion to Suppress Physical Evidence, arguing, <u>inter alia</u>, that probable cause did not support the search of his vehicle under the automobile exception. After an evidentiary hearing, and by Opinion and Order dated May 30, 2019 ("May 30 Order"), this Court denied the Motion. In so doing, the Court assessed probable cause according to the totality of the circumstances, including the officers' observation of loose panels and misaligned parts in the vehicle, and their training and experience regarding such observations and concealed narcotics; and the officers' testimony that they had information that Defendant was a drug dealer and was trafficking in the area.

Before the Court is Defendant's Motion for Reconsideration of the May 30 Order.

Local Criminal Rule 1.1, and by reference Local Civil Rule 7.1(i), provides that a party may seek reconsideration of a judicial decision where there is "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." "A motion for reconsideration . . . constitutes an extremely limited procedural vehicle, and does not provide the parties with an opportunity for a second bite at the apple, nor a vehicle to relitigate old matters or argue new matters that could have been raised before the court made its original decision."

<u>United States v. Muhammad</u>, No. 14-cr-136 (JBS), 2016 U.S. Dist. LEXIS 36018 (D.N.J. Mar. 18, 2016) (citations omitted).

1

Defendant's Motion rests on the officers' testimony regarding their knowledge that Defendant was a drug dealer, and was trafficking in the area. As such, Defendant requested that the Government provide "writings, reports and/or physical evidence which tends to prove that Mr. Jones had delivered or trafficked in a(ny) controlled substance in the Duquesne area" during the time leading up to the search and seizure. In response, the Government provided a redacted report, related to a confidential informant ("CI"). The report indicates that the CI was introduced to two fentanyl suppliers visiting the Pittsburgh area, one of whom was Defendant; met with them; and was shown fentanyl and advised of a sale price. Defendant contends that because this "tip" is uncorroborated and unreliable, it undermines the Court's finding that officers had information that Defendant was a drug dealer trafficking in the area. Thus, Defendant argues, the search was not supported by probable cause.

Three officers testified that the officers had information that Defendant was a dealer and/or trafficking in the area. Other than a question posed to Officer Wilker, the officers were not asked to identify the source or specific nature of their information. The Government's production does not necessarily undermine the officers' testimony that they had information that Defendant was a drug dealer and was trafficking in the area, nor proves the absence of other, unwritten sources of information. Similarly, although Defendant characterizes the CI information as uncorroborated and stale, there is no suggestion that the information was or should have been deemed false or unreliable. Indeed, even if this were so, it has not been established that the officers relied on this particular report.

Furthermore, information that Defendant was a dealer and trafficking in the area was but one circumstance among several, including the officers' multiple observations of Defendant's vehicle, informed by their training and knowledge regarding same, and Defendant's prior federal

2

drug conviction. Probable cause, a fluid concept. typically turns on the totality of the circumstances; the inquiry is an objective one. Gonzalez v. Waltman, No. 16-1375, 2019 U.S. Dist. LEXIS 39940, at *17 (M.D. Pa. Mar. 13, 2019); Adams v. Springmeyer, 17 F. Supp. 3d 478, 495 (W.D. Pa. 2014). In this case, Defendant's argument regarding the CI report does not alter the conclusions reached in the May 30 Order. Defendant's Motion to Reconsider is denied.

Also before the Court is Defendant's Motion to continue the August 19, 2019 trial date and related deadlines; Defendant incorporates by reference an earlier Motion to continue said dates, filed on June 10, 2019.[1] The Government consents to a continuance. The Motion is granted. The extension of time caused by this continuance shall be deemed excludable delay under the Speedy Trial Act 18 U.S.C. § 3161 et seq. Specifically, the court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(A), since, for the reasons stated in defendant's motion, the failure to grant such continuance would unreasonably deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Trial is now set for October 21, 2019 at 9:30 AM, in Courtroom 3B before the undersigned. Motions in Limine are due by September 20, 2019, and responses thereto are due by September 27, 2019. Proposed jury instructions and voir dire are due by October 4, 2019.

---

[1] Defendant's June 10, 2019 Order was granted, and the trial date set for August 19, 2019. On the date that Motions in Limine were due to be filed, Defendant filed the instant Motion for Reconsideration.

AND NOW, this 25th day of July, 2019, IT IS SO ORDERED.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court